573 A.2d 998

STATE OF NEW JERSEY, PLAINTIFF, v. EDWARD BREYAN, DEFENDANT.

Superior Court of New Jersey
Law Division Hudson County

Decided January 17, 1990.

*Lawrence Posner,* Asst. Hudson County Prosecutor, for plaintiff (*Paul M. DePascale,* Hudson County Prosecutor, attorney).

*Harvey L. Birne,* for defendant.

COSTELLO, J.S.C.

This case is before the court on appeal from the Bayonne Municipal Court. Defendant appeals from that court's denial of his motions:

(1) to have his previously imposed sentence for DWI vacated; and

(2) to be resentenced as a first, rather than a second offender.

The legal issue presented is whether *State v. Laurick,* 231 *N.J.Super.* 464, 555 *A.*2d 1133 (App.Div.1989) should be applied retroactively in this case.

The procedural history of the case is as follows:

On August 18, 1977, defendant, Edward J. Breyan entered a plea of guilty to driving while intoxicated, a violation of *N.J. S.A.* 39:4–50 in the Elizabeth Municipal Court. He did not have an attorney and was not advised of his right to be represented by counsel. Breyan was sentenced to pay a $200 fine, $10 in court costs and a two-month revocation of his driver's license.

On April 17, 1986, he appeared with counsel and pled guilty to driving while intoxicated, a violation of *N.J.S.A.* 39:4–50 in

the Bayonne Municipal Court. He was treated as a second offender for purposes of sentencing and was sentenced to pay a $500 fine, $15 in court costs, a $100 surcharge, spend 48 hours in an intoxicated driver resource center, provide 30 days of community service, and lastly, his driver's license was suspended for two years.

On December 3, 1986, he appeared with counsel and pled guilty to driving while under the influence, a violation of *N.J.S.A.* 39:4–50 before the New Providence Municipal Court. He was sentenced as a third offender.

On September 6, 1989, he moved before the Municipal Court of New Providence to have the sentence vacated and to be resentenced as a second offender, contending that the Elizabeth Municipal Court plea was uncounseled and should therefore not be used for sentencing enhancement. The New Providence Municipal Court judge agreed and resentenced him as a second offender to pay a $1000 fine, $15 in court costs, a $100 surcharge, 90 days in jail (suspended), and a two-year revocation of his driver's license as of December 1, 1986, recognizing the Bayonne conviction to be a first conviction.

Defendant then moved before the Bayonne Municipal Court to vacate that sentence and to be resentenced as a first offender on that conviction. The motion was denied and this appeal was filed.

It is well settled that any person charged with a crime is to be afforded counsel when faced with the possibility of imprisonment or other "consequences of magnitude." *Rodriguez v. Rosenblatt*, 58 *N.J.* 281, 277 *A.*2d 216 (1971). A conviction for driving under the influence carries severe consequences and the right to counsel in such cases was expressly recognized in *State v. Gale*, 226 *N.J.Super.* 699, 545 *A.*2d 279 (Law Div.1988).

Clearly, in any case presently pending, an uncounseled conviction cannot be used for sentencing enhancement purposes. *State v. Laurick*, 231 *N.J.Super.* 464, 475, 555 *A.*2d 1133

(App.Div.1989). The issue is whether *Laurick* should be applied retroactively in this case. I conclude that it should be.

The United States Supreme Court has developed, and the New Jersey courts have adopted, a three-prong test to determine whether retroactivity will be accorded in a given case. The test requires that the court consider:

1) the purpose of the rule and whether it would be furthered by a retroactive application;

2) the degree of reliance placed on the old rule by those who administered it; and

3) the effect a retroactive application would have on the administration of justice.

*See Solem v. Stumes,* 465 *U.S.* 638, 104 *S.Ct.* 1338, 79 *L.Ed.*2d 579 (1984); *Brown v. Louisiana,* 447 *U.S.* 323, 327–328, 100 *S.Ct.* 2214, 2219, 65 *L.Ed.*2d 159 (1980); *Stovall v. Denno,* 388 *U.S.* 293, 297, 87 *S.Ct.* 1967, 1970, 18 *L.Ed.*2d 1199 (1967); *State v. Nash,* 64 *N.J.* 464, 471, 317 *A.*2d 689 (1974); *State v. Burstein,* 85 *N.J.* 394, 406, 427 *A.*2d 525 (1981).

In this case, the purpose of the rule prohibiting an uncounseled conviction from being used for enhancement purposes is to prevent unreliable convictions from playing any part in the sentencing determination. *State v. Laurick, supra,* 231 *N.J.Super.* at 477, 555 *A.*2d 1133. Since the integrity of the truth-finding function is at stake, this falls within the category of cases discussed in *State v. Burstein,* 85 *N.J.* 394, 406–407, 427 *A.*2d 525 (1981) which require complete retroactivity. Without adherence to *Rodriguez* and *R.* 3:27–2, the prior uncounseled conviction is not sufficiently reliable to trigger the severe sanctions under the enhancement statute. *Laurick, supra,* at 477, 555 *A.*2d 1133. Defendant's prior uncounseled conviction does not become "more reliable merely because he has been validly convicted of a subsequent offense." *Ibid.*

As for reliance on the old rule, the State has not justifiably relied on an old practice expressly sanctioned by prior law. Case law provided that a defendant was entitled to counsel when facing a possible consequence of magnitude. *See State v.*

*Gale, supra,* 226 *N.J.Super.* at 703, 545 *A.*2d 279. The prior law, however, was silent regarding the use of uncounseled convictions for the purposes of enhancing sentences, and did not sanction this practice.

Finally, the effect of retroactive application of *Laurick* on the effective administration of justice would be minimal. There is no indication here that there are an overwhelming number of uncounseled convictions within the last ten years. In fact, the State presented no evidence or argument on this point.

Accordingly, *State v. Laurick, supra,* should be applied retroactively in this case. The decision of the Bayonne Municipal Court is reversed. Defendant's DWI sentence imposed on April 17, 1986 by the Bayonne Municipal Court is vacated and defendant is to be resentenced as a first offender.